## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DBT LABS, INC., | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No. 22-3324 |
| v. | : | |
| | : | |
| COALESCE AUTOMATION, | : | |
| INC., | : | |
| Defendant. | : | |

## <u>MEMORANDUM</u>

On August 19, 2022, Dbt Labs, Inc. ("dbt Labs") filed this trademark infringement action against Coalesce Automation, Inc. ("Coalesce"). ECF No. 1. On October 12, 2022, Coalesce filed a motion under Rule 12(b)(2) of the Federal Rules of Civil Procedure to dismiss the case for lack of personal jurisdiction. ECF No. 12. On October 26, 2022, dbt Labs filed its response in opposition to Coalesce's motion. ECF No. 20. Following a telephone conference held with the parties on November 3, 2022, the Court granted limited jurisdictional discovery for the purpose of determining the extent of Coalesce's contacts with the state of Pennsylvania. ECF Nos. 25 and 27. On February 21, 2023, dbt Labs filed a supplemental memorandum in support of its opposition to Coalesce's motion to dismiss that incorporated its findings from jurisdictional discovery. ECF No. 33. On February 28, 2023, Coalesce filed a supplemental memorandum in support of its motion to dismiss. ECF No. 39.

For the following reasons, the Court finds that it lacks personal jurisdiction over Coalesce.

## I. BACKGROUND

Plaintiff dbt Labs is a Delaware corporation with its principal place of business in Pennsylvania. ECF No. 1 at 1. Defendant Coalesce is a Delaware corporation with its principal place of business in California. ECF No. 12-1 at 1.

Dbt Labs alleges that Defendant endeavored to drive Pennsylvania-based customers to its website through "advertising, trade shows, presentations, webinars, web-based marketing via its 'active website,' field events, and other conduct." ECF No. 33 at 1. Through its website, users could "sign up for free trials, request specific product information and demonstrations" and "otherwise engage with Coalesce Automation's sales team." *Id.* at 2. Based on interactions via its website or at a Las Vegas trade show, six Pennsylvania-based companies requested free trials, and were later contacted by Coalesce sales employees.[1] *Id.* "[A]t least eight" other Pennsylvania-based companies registered for a webinar about the alleged infringing product or were contacted by Coalesce sales employees after scanning a badge at a Coalesce Automation conference booth. *Id.* at 3.

Dbt Labs further alleges that Coalesce has a business partnership with Snowflake Computing, Inc. ("Snowflake"), a company that is registered to do business in Pennsylvania. ECF No. 20 at 12. Dbt claims that this partner company, Snowflake Computing, Inc., "plays a critical role in the functionality of Defendant's data transformation tool," and that Coalesce's product cannot be used without relying on Snowflake's platform. *Id.* at 12–13. Snowflake itself is alleged to have nearly 100 Philadelphia-based customers. *Id.* at 13.

---

[1] Dbt Labs alleges that Coalesce was aware that some trade show attendees hailed from Pennsylvania. ECF No. 33 at 8. Coalesce denies that allegation. ECF No. 39 at 3.

Finally, dbt Labs identifies two other contacts between Coalesce and Pennsylvania: Coalesce employs a remote employee who lives and works in Pennsylvania; one of Coalesce's board members resides in Pennsylvania. ECF No. 35 at 7.

## II. LEGAL STANDARD

When a defendant moves to dismiss an action for lack of personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff bears the burden of demonstrating the facts that establish jurisdiction. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). "In deciding a motion to dismiss for lack of personal jurisdiction, we take the allegations of the complaint as true. But once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996) (citation omitted); *see also Metcalfe*, 566 F.3d at 330 (3d Cir. 2009).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). Pennsylvania's long-arm statute provides for jurisdiction "based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons. Stat. Ann. § 5322(b). Accordingly, "[t]he Due Process Clause of the Fourteenth Amendment sets the outer boundaries of [Pennsylvania's] authority to proceed against a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011).

There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). A Plaintiff may demonstrate that a court's exercise of personal jurisdiction is proper by establishing that a court has either general jurisdiction or specific jurisdiction over the defendant. *See Bane v. Netlink, Inc.*, 925 F.2d 637, 639 (3d Cir. 1991).

## III. DISCUSSION

Defendant moves to dismiss for lack of personal jurisdiction. Plaintiff opposes the motion on the grounds that Defendant has sufficient contacts with the state of Pennsylvania to support the Court's exercise of personal jurisdiction.

### A. General Jurisdiction

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 564 U.S. at 919 (citation omitted). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler*, 571 U.S. at 137. The paradigm forums, in which a corporation is reasonably regarded as at home, are the place of incorporation and the principal place of business. *Id.*

Both parties are incorporated in and "at home" in Delaware, which borders Pennsylvania. However, the personal jurisdiction analysis is not limited to consideration of real-world convenience. This doctrine safeguards litigants from courts compelling their appearance in an unexpected (and potentially far-flung) jurisdiction.

The Court cannot find that Defendant is "essentially at home" in Pennsylvania because Coalesce Automation is a Delaware corporation with its principal place of business in California. Accordingly, this Court lacks general jurisdiction over Defendant.

### B. Specific Jurisdiction

Specific jurisdiction "depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 564 U.S. at 919 (quoting von Mehren &

4

Trautman, *Jurisdiction To Adjudicate: A Suggested Analysis*, 69 Harv. L. Rev. 1121, 1136 (1966)). For a court to exercise personal jurisdiction over an out-of-state defendant, due process requires that the defendant "have certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The analysis of whether a forum state has sufficient minimum contacts to exercise specific jurisdiction over a nonresident defendant "focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Minimum contacts must be based in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 109 (1987) (citation omitted). The minimum contacts necessary to create specific jurisdiction "must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

A plaintiff must establish three key elements to show that a court has specific personal jurisdiction over a defendant: "First, the defendant must have 'purposefully directed [its] activities' at the forum." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (quoting *Burger King*, 471 U.S. at 472) (emphasis added). "[I]n order to comply with due process, a defendant must deliberately target the forum state such that it 'may reasonably anticipate being haled into court there.'" *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) (internal quotation and citations omitted). Contacts that are "'fortuitous,' 'random,' and 'attenuated'" are "insufficient to warrant the exercise of jurisdiction." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d

446, 454 (3d Cir. 2003) (quoting *Burger King Corp.*, 471 U.S. at 475). For instance, the "fact that a non-resident has contracted with a resident of the forum state is not, by itself, sufficient to justify personal jurisdiction over the nonresident*." Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). "Second, the litigation must 'arise out of or relate to' at least one of those activities." *O'Connor*, 496 F.3d at 317 (3d Cir. 2007) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)) (emphasis added). Third, "a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'" *Id.* (quoting *Burger King*, 471 U.S. at 476). If the Plaintiff fails to demonstrate that all three of these requirements are met, the Court lacks personal jurisdiction over the Defendant. *See id.*

When a defendant operates a web site that is accessible in the forum state, a court must consider whether the operation of the website creates minimum contacts sufficient to support an exercise of personal jurisdiction. The Third Circuit has recognized *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997) as "a seminal authority regarding personal jurisdiction based upon the operation of an Internet web site." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452 (3d Cir. 2003).

The *Zippo* court employed a "sliding scale" test of interactivity, where web sites fall somewhere between two ends of a spectrum. "At one end of the spectrum are situations where a defendant . . . enters into contracts with residents of a foreign jurisdiction that involving the knowing and repeated transmission of computer files over the Internet[.]" *Zippo*, 952 F. Supp. at 1124 (internal citations omitted). In these situations, personal jurisdiction is proper. "At the opposite end [of the spectrum] are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions." *Id.* In these situations,

personal jurisdiction is not proper. In the middle are "interactive Web sites where a user can exchange information with the host computer." *Id.* In these situations, a court must "examin[e] the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Id.*

The Third Circuit has held, however, that "the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world." *Toys "R" Us*, 318 F.3d at 454. For a court to have jurisdiction, contacts between a defendant and a forum state made via a web site must still show that a defendant purposefully directed its activities towards the forum state. *Id.* A court should also consider non-Internet contacts alongside Internet contacts in its jurisdiction analysis. *Toys "R" Us*, 318 F.3d at 453-54.

Based on the facts as pled by Plaintiff, Coalesce's web site falls somewhere in the middle of the "sliding scale" of commercial interactivity. Potential clients can use the website and "exchange information with the host computer" to schedule product trials and demonstration, as well as request specific product information. *Zippo*, 952 F. Supp. at 1124. This exchange of information is self-evidently commercial in nature, as Coalesce's end goal was to sell its software and services to users who interact with Coalesce's web site. Accordingly, the Court must consider Coalesce's contacts with Pennsylvania made via the Internet, along with non-Internet contacts, in determining whether it may exercise personal jurisdiction. *See Toys "R" Us*, 318 F.3d at 453-54.

Taking as true Plaintiff's assertion that Defendant made these contacts knowing that the companies in question were based in Pennsylvania,[2] these contacts are insufficient for Plaintiff to meet its burden of showing Defendant is subject to personal jurisdiction in Pennsylvania. Plaintiff

---

[2] Plaintiff simply alleges that Defendant knew each of the specified contacts was based in Pennsylvania. Defendant disputes this allegation, particularly as to the badges scanned at the Las Vegas trade show. ECF No. 39 at 3.

has not shown that Defendant purposefully directed its business activities towards the forum state to the extent that its contacts with the state were anything more than "fortuitous, random, or attenuated." *Toys "R" Us*, 318 F.3d at 455 (internal quotations omitted). Defendant's alleged contacts with Pennsylvania-based companies, both through its web site and through out-of-state trade shows and conferences, amount to a handful of unsuccessful sales leads with Pennsylvania residents, none of which have ultimately resulted in anything more than initial outreach and a request for a free software trial.[3] Defendant's limited sales outreach to Pennsylvania residents does not constitute purposeful availment of the privileges of doing business in the state. *Asahi*, 480 U.S. at 109.

Plaintiff's other alleged contacts similarly fall short of demonstrating Defendant has purposefully availed itself of conducting activity in Pennsylvania. Numerous other courts, including in this district, have found that the presence of a single remote employee in a forum state is insufficient to create personal jurisdiction. *See, e.g., Carlson v. Colorado Firearms, Ammunition and Accessories, LLC*, No. 22-CV-1686, 2022 WL 11398472, at *4 (E.D. Pa. Oct. 19. 2022) (Schmehl, J.); *Jeffs v. World Monuments Fund, Inc.*, No. 17-CV-198, 2017 WL 4864981, at *4 (E.D. Pa. Oct. 26, 2017) (Jones, II, J.). This is especially true when the instant action does not arise out of the activities of Coalesce's remote employee, who was employed in an internal, non-customer-facing role. *See* ECF No. 35 at 7.

Nor does the presence of a single board member, or a business partnership with a Pennsylvania-registered company, Snowflake, create personal jurisdiction because neither contact

---

[3] Some courts have found that an unsuccessful solicitation to do business with residents of a forum state may nevertheless subject a defendant to personal jurisdiction in the targeted state. For example, the First Circuit has found that a corporation that had hired a sales employee and registered a sales office with the Commonwealth of Massachusetts was subject to personal jurisdiction, even though none of its efforts to transact business were successful. *Cossart v. United Excel Corp.*, 804 F.3d 13, 19 (1st Cir. 2015). Here, Coalesce did not hire any outward-facing employees in Pennsylvania, or register with the Commonwealth in any capacity.

shows that Coalesce purposefully directed its activities towards Pennsylvania. The "fact that a non-resident has contracted with a resident of the forum state is not, by itself, sufficient to justify personal jurisdiction over the nonresident." *Mellon Bank*, 960 F.2d at 1223. Coalesce's partnership with a company that has Pennsylvania-based customers (but that is not a Pennsylvania-based company) is too attenuated a link to demonstrate Coalesce's purposeful availment of this state.

For the Court to assert personal jurisdiction over the Defendant, the Plaintiff must show that all three requirements of personal jurisdiction have been met. *O'Connor*, 496 F.3d at 317 (3d Cir. 2007). Here, the Plaintiff has failed at step one: demonstrating that the Defendant purposefully availed itself of the proposed forum state. The Defendant does not have the minimum contacts necessary for this Court to exercise specific jurisdiction. Therefore, it is unnecessary to examine Plaintiff's remaining arguments as to steps two and three: that the instant litigation arises out of Coalesce's activities in Pennsylvania, and that personal jurisdiction over Coalesce comports with traditional notions of fair play and substantial justice. *See* ECF No. 33 at 15-17.

For the above reasons, Plaintiff has failed to show that this Court may exercise personal jurisdiction over Defendant.

### A.  Transfer of Action

The remaining question is whether to dismiss the case, or transfer it to an appropriate venue. 28 U.S.C. § 1631 directs courts, upon a finding "that there is a want of jurisdiction," to transfer actions "if it is in the interest of justice . . . to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed[.]" The Court will arrange for a telephone conference to determine Plaintiff's preference regarding dismissal or transfer. An order will follow.

s/ANITA B. BRODY, J.

_____

ANITA B. BRODY, J.
August 25, 2023

Copies **VIA ECF**